Louis SANDERS, Fay Sanders, Harry Groode and Ruth Groode, Appellants,

v.

John ERRECA, Robert B. Bradford, James A. Guthrie, Joseph C. Houghteling, Roger S. Woolley, William S. Whitehurst, Abraham Kofman, Franklin S. Payne, Pierson L. Pedley, Appellees.

No. 21153.

United States Court of Appeals Ninth Circuit.

May 25, 1967.

Rehearing Denied July 28, 1967.

Gideon Kanner, Fadem & Kanner, Los Angeles, Cal., for appellants.

Harry S. Fenton, Chief Counsel, R. B. Pegram, Deputy Chief Counsel, Joseph A. Montoya, Richard L. Franck, Anthony J. Ruffolo, Ronald L. Johnson, Los Angeles, Cal., for appellees.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge:

Appellants (plaintiffs in the District Court) appeal from an order of the District Court dismissing without leave to amend their amended complaint and action wherein they seek to recover from appellees (defendants in the District Court) damages under the Civil Rights Act (42 U.S.C. § 1983).

The original complaint was filed on January 10, 1966, and an amended complaint was filed on February 15, 1966.

The dismissal of the action on March 14, 1966, with prejudice, following a hearing on appellees' motion to dismiss on February 28, 1966, was made on the grounds:

1. That the acts alleged in the amended complaint do not constitute a taking or damaging of property within the protection afforded by the United States Constitution; and

2. That the appellees, who are alleged to be members of the California Highway Commission, were acting as members of said Commission exercising a discretionary function and that their action is, therefore, immune from civil liability.

On March 24, 1966, appellants moved the District Court for a new trial pursuant to Rule 59, or in the alternative under Rule 60(b) for an order vacating the order of dismissal of appellants' action and permitting appellants to file a second amended complaint based upon newly discovered evidence which, by due diligence, could not have been discovered prior to the court's ruling.

Following hearing on appellants' motion on April 18, 1966, the motion was denied on April 21, 1966, on the grounds that:

1. The new facts failed to warrant the filing of an amended complaint; and

2. The failure of appellants to discover the new evidence was due to appellants' lack of diligence.

The amended complaint may be summarized as follows:

That the appellants are the owners of a certain parcel of land described as Lots 1 and 2, of Tract No. 22236, in the City of Los Angeles, County of Los Angeles, as shown on map recorded in Book 738, pages 24 and 25 of Maps, in the office of the County Recorder of Los Angeles County, which has an area of approximately 4.78 acres;

That appellants commenced a project whereby Lot 2 of the above described property would be transformed from its present older shopping center use into a larger, modern shopping center, and to that end appellants have subdivided, obtained the necessary bonds and permits, employed the services of architects, engineers, contractors and surveyors for the purpose of designing and constructing the new shopping center, as well as lawyers to draw leases therefor;

That to insure the commercial success of the new shopping center appellants have negotiated and entered into leases with prospective tenants for the new shopping center, including Crocker Citizens National Bank and other business enterprises; that contracts had been let and work started in March 1965, and that tenants from the old shopping center moved out;

That the appellees are Pierson L. Pedley, employed as a Senior Right-of-Way Agent for the Department of Public Works of the State of California Division of Highways; John Erreca, Director of the California Department of Public Works and Administrative Officer of the California Highway Commission; Robert B. Bradford, James A. Guthrie, Joseph C. Houghteling, Roger S. Woolley, William S. Whitehurst, Abraham Kofman and Franklin S. Payne, members or officers of the Highway Commission of the State of California;

That in March, 1965, appellee Pierson Pedley informed appellants that all of the property above described would be taken in eminent domain by the State of California for the building of a freeway and requested appellants to cease construction and any further development of the property and stated that unless appellants interrupted and ceased the work under way on the new shopping center and re-

frained from further work thereon, the California Department of Public Works would immediately file a condemnation action and obtain an injunction preventing appellants from further work on the new shopping center;

That such statements were made by Pedley for the purpose of inducing appellants to discontinue the development of the property; that appellants, relying on the statements of Pedley, stopped the construction of the new shopping center; that the statements made by Pedley were false and known by him to be false since in March, 1965 no condemnation action by the Department of Public Works could be commenced since at that time the members of the Highway Commission had not adopted a condemnation resolution, and no agreements had been reached with the City of Los Angeles regarding connections between the proposed freeway and surface streets, which facts were unknown to the appellants at that time who relied on the representations of Pedley;

That approximately two months later, and on May 25, 1965, the appellees named as members of the Highway Commission passed Condemnation Resolution No. C-7011, authorizing the condemnation of all of appellants' property above described for highway purposes. A copy of the resolution is attached to and made a part of the amended complaint;

That such resolution was passed in bad faith to cloud the title to appellants' property; that said resolution has not been implemented as its mere passage accomplished the goal of the appellees, and there appeared to be no intent to implement the resolution in the foreseeable future; that notwithstanding the adoption of such resolution appellee Erreca has failed to cause any good faith steps to be taken for the acquisition of the property;

That Erreca and Pedley have wrongfully and in bad faith caused the acquisition of said property to be delayed for the purpose of destroying any possibility of the completion of the appellants' shopping center and for the purpose of destroying the value of said property;

That by reason of the fraudulent representations by Pedley, and by reason of the passage of the resolution by the members of the Highway Commission appellants' property has effectively been taken by depriving appellants of their right and opportunity to use, develop, lease and encumber their property; that by reason of the acts of appellees the property cannot be leased nor can loans be secured against it; that no compensation for taking the appellants' property has been made to appellants in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

That in making fraudulent representations for the purpose of inducing appellants to discontinue work on the new shopping center, and in passing the condemnation resolution in bad faith, and without making any compensation to appellants for the taking and damaging of appellants' property, caused by the above acts, appellees have abused their position and power as state employees and officers, and under color of state statute, ordinance, regulation, custom and usage have subjected appellants to the deprivation of appellants' rights secured by the United States Constitution and laws which provide that appellants' property cannot be taken except for public use and then only upon payment of just compensation;

That in discontinuing the construction of the new shopping center, and in reliance on the fraudulent representations of Pedley and the passage of said condemnation resolution, appellants were forced to incur liabilities for accounts payable to persons and corporations from whom services and equipment were obtained by appellants for the new shopping center; such accounts payable are in the approximate amount of $164,252.80. That in addition appellants, as of November 1, 1965, had actually paid $54,147.63 to persons and corporations from whom services and supplies were obtained in connection with the development of the new shopping center; that such services, supplies and equipment have been of no benefit to appellants; that in addition, by

reason of the acts of the appellees described above, appellants have been deprived of the use and rents of the subject property from March, 1965, and have not been compensated therefor.

The amended complaint seeks judgment against appellees in the sum of $250,-000.00 and for an order commanding appellees Erreca and Pedley to either proceed with the condemnation of appellants' property, or cease interfering with appellants' construction thereon, and rights.

The appeal in this case also presents for review by us the propriety of the order of the District Court denying appellants' alternative motion for a new trial or for an order vacating the order of dismissal of appellants' action and permitting the filing of a second amended complaint. The motion was based on newly discovered evidence.

The new evidence consists of: (1) a published article by appellee, Houghteling, purporting to show that the acts performed by the appellees who were members of the Highway Commission are not discretionary in character but rather give rubber stamp approval to the acts of appellee, Erreca, the Director of the California Department of Public Works; and (2) the adoption on February 16, 1966, by the appellees, named as members of the Highway Commission, of Condemnation Resolution C–7298, authorizing the condemnation of only portions of Lots 1 and 2, together with specified rights and easements to enter upon the remaining portions of Lots 1 and 2, and the filing by appellees on March 7, 1966, of a complaint in eminent domain in the Superior Court of the State of California in and for the County of Los Angeles, Action No. 880137, to condemn the property described in the Condemnation Resolution of February 16, 1966. Affidavits in support of, and in opposition to, the motion were filed.

We have considered the memoranda, documents and affidavits submitted in connection with the motion. We are unable to say that the District Court abused its discretion in refusing to grant a new trial or in refusing to permit the filing of a second amended complaint.

The allegations of the amended complaint charge that appellants' real property was not taken for public use by the State of California because the appellees, acting fraudulently, in bad faith, in abuse of their duties as state officials, and under color of state law, failed to caused condemnation proceedings to be filed in court for the purpose of acquiring such real property for public use. We are aware of no federal right, statutory or constitutional, under which a private person may compel a sovereign to take such person's private property for public use and secure just compensation therefor. There is no allegation in the amended complaint that any property or property rights claimed by appellants were taken by appellees for public use. The State of California is not a party to the action. Hence, appellants do not, and cannot claim that any property or any claimed property right has been taken for public use and for which they are entitled to just compensation under the clause of the Fifth Amendment which provides: "; nor shall private property be taken for public use, without just compensation.", or under the clause of the Fourteenth Amendment which provides: "; nor shall any state deprive any person of * * *, * * *, or property, without due process of law;".

The gist of the amended complaint is that appellants suffered a claimed monetary loss in the claimed sum of $250,000.00 since they stopped construction of the new shopping center and the further use and development of their property because of the threat of Pedley to get an injunction, and their reliance upon his promise that a condemnation action would be immediately filed. Clearly, the threat and promise of Pedley and the adoption by the appellees named as members of the Highway Commission of a condemnation resolution imposed no legal restraint on appellants from continuing the construction of their shopping center and the further use and development of their property, which activities.

the appellants were at all times free to pursue.

There is no allegation in the amended complaint that appellees entered into possession of any part of appellants' property, trespassed thereon, or physically interfered in any way with appellants' control and dominion of their property.

In essence, the amended complaint is one to recover a claimed monetray loss based upon fraud and deceit, cognizable perhaps under state law in a state court, but the claim does not invoke the jurisdiction of the federal court in this non-diversity action. In order to do so, the amended complaint must allege facts which show that appellants were subjected to the deprivation of a right, privilege or immunity secured by the Constitution and laws of the United States. Appellants have failed to do so. The allegations that the acts of appellees violated the provisions of the Fifth and Fourteenth Amendments appear to us to be a pretext to invoke federal jurisdiction.

In view of our holding we deem it unnecessary to pass upon other questions presented on this appeal.

The order appealed from is affirmed.